# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 28, 2011

No. 10-20683
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO GOMEZ-AGUIRRE, also known as El Cunado, also known as El Viejo, also known as El Gordo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-557-2

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Francisco Gomez-Aguirre appeals the 52-month sentence imposed following his guilty-plea conviction of one count of conspiracy to harbor aliens for private financial gain, and three counts of concealing aliens from detection for private financial gain. He contends that the district court reversibly erred by applying a four-level enhancement under U.S.S.G. § 2L1.1(b)(7)(B) on the basis that the offense involved "serious bodily injury" to the aliens that were detained

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by him and his co-conspirators. Gomez-Aguirre acknowledges that the aliens were threatened and beaten, but argues that the harm experienced by the aliens constituted only "bodily injury," which warrants only a two-level increase under § 2L1.1(b)(7)(A).

In the district court, Gomez-Aguirre did not preserve an objection that the harm suffered by the aliens did not constitute "serious bodily injury," and his argument is therefore reviewed for plain error. *See United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). To establish plain error, Gomez-Aguirre must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.* (citation omitted).

The determination whether the harm experienced by the aliens rises to the level of "serious bodily injury" rather than "bodily injury" is a question of fact. *See United States v. Davis*, 19 F.3d 166, 171 (5th Cir. 1994) (noting that the severity of a victim's injury is a question of fact); *see also United States v. Garza-Robles*, 627 F.3d 161, 169-70 (5th Cir. 2010) (affirming district court's factual finding that defendant suffered serious bodily injury). Because the district judge's factual finding was plausible in light of the record as a whole, Gomez-Aguirre fails to establish error, much less plain error. *See United States v. Wilcox*, 631 F.3d 740, 753 (5th Cir. 2011)(Even where the objection is preserved, "the court must determine whether the district court's conclusion was plausible in light of the record as a whole" in assessing the propriety of a sentencing enhancement).

AFFIRMED.